## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Keith Wolf, as trustee for the next-of-kin
of Alexander Wolf, decedent,

                Plaintiff,

v.

Michels Corporation and Adrian R.
Mattson,

                Defendants.

**COMPLAINT AND JURY TRIAL
DEMAND**

Plaintiff Keith Wolf, as Wrongful Death Trustee of the Estate of Alexander Wolf,
decedent, by and through Plaintiff's attorney, files this Complaint and Jury Demand against
the Defendants and states as follows:

### OVERVIEW

1. Alexander Wolf, age thirty, was a bicycle enthusiast and bike safety advocate. But,
   tragedy struck on November 20, 2019. He was riding his bicycle eastbound lawfully
   in the bicycle lane on 12th Street at 4:15 p.m. At the same time, Adrian Mattson, driving
   a Michels Corporation truck and trailer combination, was in the right vehicle lane near
   Alexander Wolf. Both of them were approaching the intersection with Linden Avenue.
   Adrian Mattson turned right onto Linden Avenue without properly yielding to
   Alexander Wolf. The side of Mattson's vehicle knocked Alexander Wolf down and

1

then ran him over. Alexander Wolf died as a result. This action is a wrongful death arising under Minn. Stat. § 573.02.

## THE PARTIES

2. Alexander Wolf was a resident citizen of the State of Minnesota. On or about August 20, 2020, in the Hennepin County District Court, case number 27-CV-20-9810, Plaintiff Keith Wolf was appointed Wrongful Death Trustee for the Estate of Alexander Wolf under Minn. Stat. § 358.06 and § 573.02. *A copy of the Order Appointing Wrongful Death Trustee is attached as **Exhibit A.***

3. Defendant Michels Corporation ("Michels") is a Wisconsin corporation with its principal place of business at 817 West Main Street, Brownsville, Wisconsin 53006. Michels is a private motor carrier operating motor vehicles transporting property in interstate commerce and is registered with the Federal Motor Carrier Safety Administration (USDOT number 99905) and has designated John Schroeder, 817 West Main Street, PO Box 128, Brownsville, Wisconsin 53006-1439 as its registered agent for service of process.

4. Defendant Adrian Mattson was operating a commercial motor vehicle (2015 International Box Truck towing an equipment trailer) in the transportation of property and is a resident and citizen of the State of Wisconsin. He can be served with process at 1139 255th Avenue, Luck, Wisconsin 54853.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is properly conferred under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims (specifically, the fatal collision) occurred in this District.

## GENERAL ALLEGATIONS

7. On or about November 20, 2019, at about 4:15 p.m. Defendant Adrian Mattson was driving a Michels' truck and trailer on 12th Street North eastbound towards Linden Avenue in Hennepin County, Minnesota.

8. At about the same time, Alexander Wolf was riding his bicycle in the bike lane on 12th Street North eastbound towards Linden Avenue.

9. As Defendant Adrian Mattson was turning right onto Linden Avenue, Adrian Mattson's truck struck and ran over Alexander Wolf.

10. Alexander Wolf was killed as a result of the negligent and carless conduct of the Defendants.

## FIRST CAUSE OF ACTION
*Negligence - Adrian Mattson*

11. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-10 above.

12. Defendant Mattson had a duty to operate his truck and trailer in a careful manner so that he did not cause injury to other persons on the highway.

13. The collision occurred as a result of Defendant Mattson's negligent and careless actions, which included, but are not limited to, failing to:

    a. drive his semi-tractor trailer in a safe and reasonable manner,

    b. obey all traffic laws including Minn. Stat. Sec. 169.13 prohibiting careless and reckless driving, Minn. Stat. Sec. 169.19 Subd. (1)(g) requiring yielding to bicycles during turns, and Minn. Stat. § 169.14, Subd. 1, requiring use of due care in operation of a motor vehicle,

    c. obey all Federal Motor Carrier Safety Regulations,

    d. maintain control of the truck and trailer,

    e. drive while not distracted or fatigued,

    f. not drive or cease driving his truck and trailer if he could not drive in a safe and reasonable manner.

14. That as a direct and proximate result of the negligence and carelessness of Mattson, Alexander Wolf was wrongfully killed.

15. As a result of Defendant Mattson's negligence, Alexander Wolf's heirs and next of kin were have suffered damages a result of the wrongful death of Alexander Wolf as permitted by Minn. Stat. § 573.02.

## SECOND CAUSE OF ACTION
*Vicarious Liability - Defendant Michels Corporation*

16. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-15 above.

17. At all relevant times, Defendant Adrian Mattson was the employee, agent, servant, or independent contractor for Defendant Michels Corporation. Defendant Adrian Mattson

was in the course and scope of his employment at the time of the fatal collision—or in the alternative, under the control of—Michels Corporation. Accordingly, Defendant Michels Corporation is vicariously liable for the acts of Defendant Adrian Mattson as described action herein.

18. Because Defendant Adrian Mattson was driving a truck and trailer owned by and with the consent of Defendant Michels Corporation, Minn. Stat. §169.09, subdivision 5a deems Defendant Adrian Mattson to be Defendant Michels Corporation's agent, and, therefore, Defendant Michels Corporation is vicariously liable for the injuries to and death of Alexander Wolf arising out of Defendant Adrian Mattson's negligence.

19. Regardless of the employment or agency relationship, Defendant Michels Corporation is an interstate motor carrier and is registered with the United States Department of Transportation and is holder of USDOT number 99905 and is therefore responsible for the acts of the defendant driver.

20. As a result of Defendant Mattson's negligence that flows to his employer/statutory employer Michels, Alexander Wolf's heirs and next of kin were have suffered damages a result of the wrongful death of Alexander Wolf as permitted by Minn. Stat. § 573.02.

### THIRD CAUSE OF ACTION
*Negligence - Defendant Michels*

21. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-19 above.

22. Defendant Michels had a duty to act reasonably in hiring, instructing, training, dispatching, supervising, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Adrian

Mattson, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.  Defendant Michels had a duty to exercise reasonable care in all its actions and omissions.

23. Defendant Michels had a duty to instruct, train, create policies and a safety culture that included policies and training concerning watching for and yielding to bicyclists.

24. Defendant Michels had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

25. Defendant Michels failed in the above-mentioned duties and was therefore negligent.

26. Defendant Michels' negligence was a direct and proximate cause of the injuries and death of Alexander Wolf and the damages described in this Complaint.

27. As a direct and proximate result of the negligence of Defendant Michels, Alexander Wolf's heirs and next of kin were have suffered damages a result of the wrongful death of Alexander Wolf as permitted by Minn. Stat. § 573.02.

**WHEREFORE**, Plaintiff prays judgment in Plaintiff's favor and against all Defendants, in an amount that is just and fair and in excess of seventy-five thousand dollars ($75,000.00), together with costs, interest and disbursements herein and any other relief that this Honorable Court deems just, fair and equitable under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

6

**MCEWEN & KESTNER, PLLC**

Dated: _11/16/20_

_____

Peter J. Kestner, ID #0311662
Attorney for Plaintiff
5854 Blackshire Path
Inver Grove Heights, MN 55076
Telephone: 651.224.3833
Fax: 651.223.5790
pete@crawfordkestner.com